### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL S. MESTRE, JR.,** | **Case No. 1:16-cv-03231-JDW-AMD** |
| *Plaintiff,* | |
| v. | |
| **GARDEN HOMES MANAGEMENT CORP., et al.** | |
| *Defendants.* | |

### MEMORANDUM

Garden Homes Management Corp. seeks pretrial rulings on a variety of evidentiary issues, all of which relate to (a) the information it had about Jeffrey Butler when it denied his application to reside at a mobile home community that Garden Homes operated or (b) what Garden Homes did with the information that it had. The Court will permit the jury to hear some evidence and bar other evidence.

### I.      FACTUAL BACKGROUND

In 2013, Jeffrey Butler applied to live at a Town & Country mobile home community in Cheslihurst, New Jersey, that Garden Homes Management Corp. owned. Garden Homes ran a background check, which revealed that Mr. Butler had convictions for burglary in 1981, robbery in 1983, possession of a firearm in 1999, and conspiracy to commit burglary in 2001. In November 2013, Garden Homes also received a letter from Kathleen Barrett, who described Mr. Butler as "my soon to be ex husband." (ECF No. 94 at Ex. A.) In her letter, Ms. Butler alleged that Mr. Butler "has had 2 D.U.I., 4 simple assaults, 1 criminal mischief + 1 resisting arrest." (*Id.*) Garden Homes denied Mr. Butler's application and instructed him to vacate the home by December 15, 2013.

After Garden Homes denied Mr. Butler's application, he consulted an attorney. The attorney told him, "[Y]ou're not going to win because you have a record" and "Garden Homes had the right to kick you out." (ECF No. 96 at Ex. A, p. 7.) Even though Garden Homes denied his application, Mr. Butler continued to live with his mother at the Town & Country community. So did his brother-in-law Daniel Mestre. On June 7, 2014, the two of them had a fight. Mr. Mestre claims that Mr. Butler struck him on the head. Garden Homes did then begin eviction proceedings. During those proceedings, Garden Homes' attorney told Mr. Butler that "the original reason [Garden Homes] denied you [is] because you had a burglary in '81 or '83 or something and we wanted to keep people safe in the park." (*Id.*)

Mr. Mestre filed this suit against Garden Homes, claiming that Garden Homes should have evicted Mr. Butler. Garden Homes filed a third-party complaint. During discovery, Mr. Mestre served an expert report from Donald Decker, a former Security Guard and New Jersey State Trooper who is a Certified Protection Professional. In his report, Mr. Decker offers three conclusions: (1) Garden Homes actions were dangerous and resulted in Mr. Mestre's injuries; (2) Garden Homes did not train its employees adequately to intervene and remediate tenant issues, and that failure caused Mr. Mestre's injuries; and (3) had Garden Homes adequately trained its personnel, its response would have prevented Mr. Mestre's injuries.

The Court has denied summary judgment. Garden Homes has filed six motions *in limine*. One is unopposed. The other five are at issue.

II.     **LEGAL STANDARD**

A motion *in limine* allows the trial court to rule on the admissibility and relevance of evidence. *See Bradley v. Pittsburgh Bd. Of Educ*, 913 F.2d 1064, 1069 (3d Cir. 1990). Prior to trial, a motion *in limine* determination is used to ensure the jury is not exposed to prejudicial, confusing,

or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Similarly, a motion *in limine* can be used to "narrow the evidentiary issues for trial and to eliminate trial interruptions." *See Bradley*, 913 F.2d at 1069. In certain situations, a trial court should defer ruling on an evidentiary issue if the nature of the relevance of the evidence is unclear before trial. *American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 324 (3d Cir. 1985). Also, the district judge is free, in the exercise of sound discretion, to alter a previous *in limine* ruling. *Luce v. United States*, 469 U.S. 38, 41 (1984).

## III.    DISCUSSION

The Court will address each of Garden Homes' Motions *in Limine* in turn.

### A.    Crimes In The Background Report (ECF No. 92)

The prior crimes listed in the background report that Garden Homes conducted on Mr. Butler are relevant under Fed. R. Evid. 401 because they shed light on what Garden Homes knew when it denied Mr. Butler's application. Neither Federal Rule of Evidence 403 nor Rule 404 bars the evidence of the crimes in the background report. Under Rule 404(b), evidence is admissible to show, among other things, knowledge. *See* Fed. R. Evid. 404(b). The Third Circuit has established a four step process to evaluate admissibility under 404(b), which includes the test for prejudice under Rule 403: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other acts evidence must be accompanied by a limiting instruction. *See United States v. Repak,* 852 F.3d 230, 241 (3d Cir. 2017). All of these factors are satisfied here. Mr. Mestre will offer the background check to show Garden Homes knowledge, not for purposes of establishing a propensity. The information in the background report has significant relevance, and

3

the unfair prejudice does not outweigh it, let alone substantially outweigh it. The Court can cure

any prejudice with a limiting instruction. The Court will deny the motion to exclude the evidence

of prior crimes in the background report.

        **B.**        **Describing Crimes As "Violent" (ECF No. 93).**

The Court will not permit Mr. Mestre to describe the crimes in the background report as

"violent." None of them has, as an element, a violent act. The jury can hear what the crimes are

and decide for itself whether the crimes are "violent." The Court will grant the Motion and prohibit

any party from describing the crimes in the background report as "violent."

        **C.**        **Ms. Barrett's Note (ECF No. 94)**

Ms. Barrett's note is not hearsay because Mr. Mestre will not offer it for the truth of the

matter. Instead, he will offer it to show its effect on Garden Homes and Garden Homes' knowledge

of the allegations. But it doesn't matter. Unlike the criminal background report, Garden Homes

had no basis to rely on the Ms. Barrett's letter or to treat it as legitimate. In fact, Garden Homes

received the letter before it received the background report. But the background report does not

include any of the incidents in Ms. Barrett's letter. So Garden Homes had reason to discount it.

The letter might have limited probative value, but the Court concludes that the unfair prejudice

that the allegations in the letter would cause substantially outweighs that limited probative value.

The Court will grant the Motion and exclude Ms. Barrett's letter.

        **D.**        **The Decker Motions (ECF Nos. 95 and 96)**

Garden Homes seeks to exclude Mr. Decker's opinions as speculative and seeks to exclude

certain statements in his report as hearsay. Expert testimony must meet the requirements of Federal

Rule of Evidence 702. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 588

(1993). Under Rule 702, an expert may testify so long as: (a) the expert's scientific, technical, or

other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Mr. Decker can offer opinion testimony about the standard of care that Garden Homes should have employed in dealing with Mr. Butler and whether it fell short of that standard of care. In his report, Mr. Decker points to personal knowledge and a variety of sources on which he determines the standard of care and bases his analysis. His reliance on those sources makes his opinion on those subjects more than speculation or an expression of subjective belief. *See Kannankeril v. Terminix International Inc.,* 128 F.3d 802, 806 (3d Cir. 1997). Decker's report combines his personal knowledge with principles and methodologies from a variety of sources pertaining to residential security and managing rental communities.

Mr. Decker cannot offer opinions about Garden Homes' training of its employees because he does not point to any facts in the record about how Garden Homes trained its employees. His opinions about Garden Homes' training of its employees is therefore not based on sufficient facts or data. Mr. Decker also cannot testify that any of Garden Homes' actions or inactions caused Mr. Mestre's injuries. Nothing in Mr. Decker's background or training will help the jury understand issues regarding causation. Nor has Mr. Decker pointed to any principle or method that leads to an opinion about causation.

Garden Homes wants the Court to preclude Mr. Decker from testifying about the conversation in which an attorney told Mr. Butler he could not prevail. The statement is hearsay, and the Court will exclude it. Mr. Mestre argues that it was not hearsay because the attorney was Mr. Butler's agent, and it therefore constitutes a party admission. But there is no evidence that Mr.

Butler hired the attorney or otherwise entered into an agency relationship with him. *See Lippay v. Christos*, 996 F.2d 1490, 1498 (3d. Cir. 1993) (describing agency relationship). Under Federal Rule of Evidence 703, Mr. Decker can rely on the hearsay statement. But he cannot disclose it to the jury unless its "probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703 (emphasis added). Mr. Mestre has made no such showing. Indeed, the statement has only limited value to Mr. Decker's opinions about the standard of care, which he reached after his own independent assessment.

Garden Homes also seeks to prevent Mr. Decker from testifying about the statement that its attorney made to Mr. Butler about the reasons that Garden Homes denied his application. Garden Homes argues that the statement was not an admission because the attorney was not involved with the determination of Mr. Butler's application and was not authorized to discuss the issue with Mr. Butler. The Court does not have enough information to determine whether the attorney was acting within the scope of his employment when he made the statement. The Court will deny Garden Homes' motion for now, but it will require Mr. Mestre to lay an appropriate foundation about the scope of the attorneys' employment before he can elicit testimony about the attorney's statement.

## IV.    CONCLUSION

For the reasons stated, the Court will permit Mr. Mestre to present the criminal background check, it will not permit anyone to refer to the crimes listed in that report as "violent," it will exclude Ms. Barrett's letter under Rule 403, and it will permit Mr. Decker to testify as outlined above. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*

Dated:  July 13, 2020                     Hon. Joshua D. Wolson